199    383
f 33 SC  243

199    383
41SC168

# Stahler *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Right of adult children to recover for the loss of a parent—Act of April* 26, 1855, *P. L.* 309.

Adult sons may recover damages for the death of their father caused by the negligent act of another, although by reason of their father's death, they have inherited a large estate.

The fact of the inheritance and its amount are not admissible in evidence upon the question of damages.

Argued Feb. 5, 1901.   Appeal, No. 341, Jan. T., 1901, by defendant, from judgment of C. P. Montgomery Co., June T., 1900, No. 23, on verdict for plaintiff in case of Eugene A. Stahler et al. v. The Philadelphia & Reading Railway Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of father of plaintiffs. Before WEAND, J.

At the trial it appeared that the three plaintiffs, none of whom were under thirty-nine years of age, were the sons of William Stahler, who was killed in a railroad accident caused by the negligence of defendant's employees.

The court under exception and objection refused to admit various offers as to the amount of money or property which plaintiffs had received from their father's estate. [1–12]

The court refused to give binding instruction for defendant. [19]

Verdict and judgment for plaintiffs for $8,750.   Defendant appealed.

WEAND, J., on a rule for a new trial filed the following opinion:

" William Stahler was killed in a railroad accident on defendant's road.   It is admitted that his death was caused by the negligence of the employees of the defendant company.

The deceased resided in Norristown where he carried on a large wholesale and retail drug business, and an agency for the

sale of powder. He owned real estate in Norristown and Bridgeport. He had been in excellent health and at the time of his death was seventy-three years of age.

He left surviving him no widow, but three adult sons who are the plaintiffs in the suit, and who ask damages for the loss which they have sustained by reason of the death of their father.

The case was tried according to the principles laid down in The Pennsylvania Railroad Co. v. Adams, 55 Pa. 499.

" The rule is that if there be a reasonable expectation of pecuniary advantage from a person bearing the family relation, the destruction of such expectation by negligence occasioning the death of the party from whom it arose, will sustain the action: and Schnatz et al. v. Phila. & Reading R. R. Co., 160 Pa. 602: The Act of April 26, 1855, P. L. 309, relating to damages for accidental death, makes no distinction between children over age and those under, between those married or single, between those having homes and families of their own and those still members of the parents' household. If children, although not living with their parent, have a reasonable expectation of pecuniary advantage from the continued life of the parent, they are entitled to recover damages for such loss."

The plaintiffs' testimony showed conclusively that the deceased had for about ten years contributed in the aggregate to the three sons about $2,500 yearly, and the jury were instructed in the exact language of the decisions as to what was necessary to be found by them in order to entitle plaintiffs to recover.

No fault is found with the charge of the court or the amount of the verdict if plaintiffs are entitled to recover; but the broad ground is taken that if plaintiffs were benefited by their father's death, by inheriting his estate, they can have suffered no loss, and that, therefore, evidence should have been admitted on part of defendants to prove what the sons inherited from their father's estate to show that what they thus received after death exceeded that received before.

The question arose on offers by defendant to show the appraisement of the estate, the will of decedent, and by direct questions to each plaintiff of what he had received from the estate. The sole object of the testimony was to show a large estate left by the deceased, and that the present worth of the in-

heritance exceeded the amounts received in the lifetime of the parent. All these offers were rejected, as were also points submitted raising the same questions. As there was no testimony allowed to sustain the points they were, or course, refused.

It is claimed by defendant's counsel, who have so ably and earnestly argued this question, that no case in our own courts rule the point and that we have laid down a new and dangerous doctrine. We did not think so at the trial, and are now still of opinion that we are sustained by reason, common sense and decisions of the highest court of the state. Conceding the right to recover if a loss is sustained, how do we ascertain and what is a loss, in the sense contemplated by the act? A son who is receiving nothing from his father living, may be said to be benefited pecuniarily by the parent's death, but we have yet to learn that a railroad company by negligently causing death, can in this way become the gratuitous and unsolicited benefactor of children, who prefer their father living ; and it is a novel proposition that a yearly allowance with a certainty of an inheritance of an estate constantly increasing in value by the parent's prudence and financial ability, can be cut off by the killing of the parent, and the children be told that it is for their benefit. If this is the law, what security have the wealthy against the negligence of others ? All inducements for the use of care and caution as to such are removed. The only reasons why a verdict in pure negligence cases can be justified are as an inducement appealing to self interests to use care and caution, but these are taken away if we hold that no damages can be recovered by the children of wealthy people because they get the estate as a result of the unlawful act. As the jury were told, at request of defendant, that nothing could be allowed for the suffering of the deceased or the feelings of the surviving members of his family, and if in addition we hold that nothing can be recovered for the reason now urged, the defendant, although confessedly guilty of negligence resulting in death, suffers no loss or punishment for its unlawful act, simply because of the financial standing of the deceased. If this is law it might be well for the legislature to provide a new criminal offense and substitute imprisonment for damages, and thus induce the same degree of care and caution in the transportation of the rich as of the poor.

It is not, however, absolutely correct to say that the mere fact of coming into the inheritance presently is a benefit peculiarly, for non constat that if the life had been prolonged but a week or a month that the estate would not have been larger.

The true question is what had these plaintiffs the right to expect to receive from the parent during his life, and for the loss of this they are to be compensated; what they got after his death does not enter into the case. The loss spoken of is the taking away of that which they were receiving and would have received had he lived. It is the destruction of their expectations in this regard that the law deals with and for which it furnishes compensation. To say, " true it is we have taken from you his benefactions, but you get by law, not from us, but from his estate which we thus make available for you, something better," is to substitute the heirs' legal right under the law for the company's liability.

We think, however, that the question was squarely decided in North Penna. R. R. Co. v. Kirk, 90 Pa. 15, where it was endeavored to be shown that a father suing for the death of his adult son had been benefited by reason of having a policy of insurance on his son's life. The offer was rejected, the court saying, " The admission of this testimony would have been a violation of what is understood to have been the principles of construction uniformly applied to the acts of 1855 and 1868." Counsel have endeavored to draw a distinction between an insurance and an inheritance but we can see no difference in the application of the principle.

The language of Justice THOMPSON in North Penna. R. R. Co. v. Robinson, 44 Pa. 175, is directly in point. The point was made that none may recover in a joint action but such as are injured by the death. " If such be the rule, we should have the indecent spectacle of an investigation whether the loss of a parent or child was or was not in fact an advantage rather than a loss; for certainly, if none be allowed to recover but such as are able to show a pecuniary loss, the defendants would, with great apparent reason at least, be entitled to claim the right to prove the contrary, and to show peradventure that, by the death, the party suing may have succeeded to an estate, or, on the other hand, had been relieved from the burden of maintenance.

In case of the death of aged persons or helpless infants, we might expect in the application of such a rule to have the point discussed, whether the death was an actual loss or gain. The law does not open the door to anything so shocking." This is what defendants are attempting now to show, that the death of the father was a gain to the sons in direct violation of the cited decisions.

To the same point is Pennsylvania Railroad Co. v. Keller, 67 Pa. 300, where THOMPSON, C. J., said: "But there is another aspect of it which will result from the principle insisted upon, viz: that the test of the right to recover being the 'pecuniary damages clearly proved to have been suffered,' it will follow that all those who from youth, old age or other circumstances, are nonproducers, may become the victims of negligence without any compensation to survivors. Nay, more, the corollary of the postulate would prevent compensation where the survivors are absolutely benefited by the death, either as gainers by a distribution of the property of the deceased, or by the riddance of a troublesome charge. The controversies which would arise if this were the rule, would be repugnant and offensive to the sensibilities of every person."

In Coulter v. Pine Township, 164 Pa. 543, the court said: "The assignment of error to the withdrawal of the evidence as to the insurance on the life of Joseph Coulter cannot be sustained. There was no basis upon which such evidence could be admitted. Money paid on a policy of insurance is not the pecuniary value of the life, but of the premiums paid. The evidence was entirely irrelevant to the liability of defendant or its amount: North Penna. R. R. Co. v. Kirk, 90 Pa. 15. Appellant cites the authority of Lord CAMPBELL from Sedgwick on Damages, but the 8th edition of that work, section 67, discusses the subject more fully and concludes thus: 'The amount received by the plaintiff on an insurance policy cannot be shown to reduce the damages. When an action is brought under a statute for damages causing death the rule in England is different. . . . . In the United States, however, the ordinary rule is followed, and the amount recovered is not reduced by the amount of insurance money,' citing Sherlock v. Alling, 44 Ind. 184, 189, Althorf v. Wolfe, 22 N. Y. 355, Terry v. Jewett, 17 Hun, 395, and Harding v. Town of Townsend, 43 Vt. 536."

The industry of counsel has enabled them to find cases in England and in some of our own states which might throw some doubt upon the question but we prefer to rely upon the decided utterance of our own Supreme Court as furnishing a safe rule and being founded upon equity, justice, humanity and good common sense. It would be a waste of time, therefore, for us to attempt to analyze and distinguish the authorities cited by defendant, being of opinion that they are not applicable to the case in hand. It is claimed that all the cases cited by us are mere dicta and not binding upon us or the higher court. But even if so regarded we think they express the true thought of the court and the spirit of the law, and clearly foreshadow what will be, if not already, pronounced as the rule governing cases of this nature.

And now, November 23, 1900, the motion for a new trial is overruled.

*Errors assigned* were (1-2) ruling on evidence, quoting the bill of exceptions ; (19) refusal of binding instructions for defendant.

*Charles Heebner*, with him *James Boyd*, for appellant.—Plaintiffs sustained no pecuniary loss and were not entitled to recover: Schnatz v. Phila. & Reading R. R. Co., 160 Pa. 602; Pym v. Great Northern Ry. Co., 2 Best & Smith, 759 ; San Antonio & Arkansas Pass. Ry. Co. v. Long, 87 Texas, 148 ; Denver, etc., R. R. Co. v. Spencer, 10 Am. & Eng. R. R. Cases (Annotated N. S.), 536.

*N. H. Larzelere*, with him *William F. Dannehower*, for appellees.—The best considered authorities, outside of our own state, condemn the proposition propounded by the counsel for appellant as unsound and as not being the law of the land: Chicago, etc., R. R. Co. v. Moranda, 93 Ill. 302 ; Chicago, etc., R. R. Co. v. Johnson, 103 Ill. 512; Chicago, etc., R. R. Co. v. May, 108 Ill. 288; 15 Am. & Eng. R. R. Cases, 320 ; Pennsylvania Co. v. Keane, 143 Ill. 172; Lockwood v. New York, Lake Erie & Western R. R. Co., 98 N. Y. 523 ; 2 Sedgwick on the Measure of Damages (7th ed.), p. 540 ; Sherlock v. Alling, 44 Ind. 184 ; Beems v. C., R. I. &. P. R. Co., 58 Iowa, 150.

PER CURIAM, May 27, 1901:

The judgment is affirmed on the opinion of the court below refusing a new trial.