# Phillips's Estate (No. 2).

205    511
39SC 332

*Legacy—Sale of legacy—Remainder.*

A person, sui juris, owning a remainder in land or in personal property, may sell the same for such sum as may be agreed upon between himself and the purchaser, provided the former does not stand towards him in a trust relation, and, in making the purchase, acts in good faith.

Where an owner of a vested interest in remainder being in financial distress sells and assigns absolutely the interest worth $32,500 for the sum of $8,750 actual cash paid to him, and the life tenant dies ten years thereafter, the purchaser is entitled to the full amount of the interest, in the absence of any fraud or concealment, or any relation of trust or confidence between the legatee and the purchaser.

Argued Jan. 22, 1903. Appeal, No. 89, Jan. T., 1902, by Charles L. Phillips, distributee, from decree of O. C. Phila. Co., Jan. T., 1885, No. 320, dismissing exceptions to adjudication in estate of Henry M. Phillips, deceased. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*John G. Johnson*, with him *I. Hazleton Mirkil*, for appellant. —A contract entered into in a mutual mistake as to an essential fact which formed an inducement to it, may be rescinded on discovery of the mistake if both parties can be placed in their former position with reference to the subject-matter of it: Blygh v. Samson, 27 W. N. C. 390 ; Horbach v. Gray, 8 Watts, 492 ; Geib v. Reynolds, 28 N. W. Repr. 923 ; Griffith v. Sebastian, 3 S. W. Repr. 886.

Equity will relieve against a mistake of fact, superinduced by mistake of law, though not where the mistake is of law only: Gross v. Leber, 47 Pa. 520 ; Wilson v. Ott, 34 W. N. C. 159 ; Russell's App., 75 Pa. 269.

The orphans' court has power to rescind a sale of real estate on the ground of mistake : Wiltberger's Estate, 20 W. N. C. 299.

*S. Davis Page*, with him *S. K. Louchheim*, for appellee.— Courts of equity will not afford relief to a vendor because of mere inadequacy of price : Davidson v. Little, 22 Pa. 245 ; Whelen v. Phillips, 151 Pa. 312 ; Ruple v. Bindley, 91 Pa. 296 ; Robbins's Est., 199 Pa. 500.

A mistake, sufficient to avoid a contract, must be a mutual one, and with respect to a fact which entered into the contemplation of both of the parties as the condition of their assent: Sankey v. First Nat. Bank, 78 Pa. 48 ; McCrea v. Longstreth, 17 Pa. 316 ; Gormly v. Gormly, 130 Pa. 467 ; Graham v. Pancoast, 30 Pa. 89.

If there was a mistake, it was a mistake of law, from which equity will not relieve : McAninch v. Laughlin, 13 Pa. 371 ; McKibben v. Doyle, 173 Pa. 579.

OPINION BY MR. JUSTICE BROWN, May 4, 1903 :

Henry M. Phillips died in 1884. After his death Charles L. Phillips, the appellant, one of his nephews, had not merely an expectancy in his estate—" a pure hope of succession " to a portion of his property—but an interest which we have this day decided was a vested one. Whether he and the appellee regarded it as contingent or vested when he executed the assignment of February 17, 1890, to relieve himself from his great embarrassment, to which he freely testifies, is immate-

rial; for he had a right to assign it if it was either: "A person, sui juris, owning a contingent remainder in land, or in personal property, may sell the same for such sum as may be agreed upon between himself and the purchaser, provided the former does not stand towards him in a trust relation, and, in making the purchase, acts in good faith:" Whelen v. Phillips, 151 Pa. 312. The appellant says: "In the fall of 1889 and winter of 1889 and 1890, I was out of work, and I had been for some time—I suppose since 1885, except some odd newspaper jobs, and I was hard up, had no money—used up about all the means I could get hold of, by credit or otherwise. I didn't know which way to turn, and I didn't have anything that I considered available for raising money on." In this condition, he assigned to Lydia S. Hinchman, in consideration of $8,750, actual cash paid to him, not his whole interest in the estate of his uncle, but $32,500 of it. The time when the assignee would get the money so assigned to her was uncertain. It could not be paid until after the death of Emily Phillips, the surviving sister of the testator, which did not occur until July 6, 1901, more than ten years after the assignment; but the assignment was absolute, not merely as collateral security, and $32,500 of appellant's interest in his uncle's estate passed to the appellee. The death of the aunt of the appellant earlier than he had anticipated causes him now to look upon his bargain as a hard one. If her years had been prolonged, it might not have been a good one for the appellee; but there was nothing dishonest in the transaction, and this appellant ought not, in good conscience, to be now heard in his complaint that he did not receive enough, when it is most manifest that the $8,750 came to him because he sought it as a great relief in his distress, and that, at that time, he did not regard the bargain as a harsh one for him. We cannot add with profit anything to what the learned adjudicating judge says of the transaction: "The evidence showed that this assignment was executed at the day of its date, and that the consideration was actually paid in cash ($8,750), the value of the interest sold, when it should come into possession, being estimated at $32,500. The assignor appears to have been extremely desirous of raising money, and to have made application to various persons for this purpose. He was on

terms of intimacy with the late Edward P. Allinson, Esq., through whose agency he was brought into communication with the husband of Mrs. Hinchman, and in this way the transaction was brought about. There was not the slightest evidence of overreaching or unfair dealing. Mr. Phillips was, at the time, a man of mature years, fully understanding what he was doing, and knowing precisely its effect. There was no relation of trust or confidence between him and his assignee or her husband. He was dealing with his own, and had a right to do with it what he pleased. If he made an improvident or unwise bargain, he alone is responsible and the court is without authority to relieve him—it being conceded by his counsel that the assignment was absolute, and not intended as security for a loan. Moreover the assignment, it will be observed, was subject to the prior assignment to John H. Scott for $6,530, and it could not become operative until the death of the surviving sister of the testator, which might not occur for very many years; and in point of fact, did not occur until more than ten years after the date of the assignment. Under these circumstances, in the opinion of the auditing judge, there can be no question as to the validity of the assignment."

It cannot fairly be said that the consideration paid the appellant, under the circumstances, was inadequate; but, even if it was, there was no fraud practiced upon him. " A man may be as honest in making a profitable bargain as a bad one; and the law does not require him to pay a full price, if the person he deals with is willing to take less. The owner of property may sell it for very little, or give it away for nothing, if he thinks fit; and however unreasonable his conduct may seem, his will alone is sufficient to avouch the act—' Stat pro ratione voluntas': " Davidson v. Little, 22 Pa. 245.

If, when the assignment was executed, there was a mutual mistake as to a fact which was in contemplation of the assignor and assignee as a condition of their contract, the elaborate argument of the learned counsel for appellant and the many authorities cited would be in point; but there was no such mistake. The appellant agreed that out of his share in his uncle's estate the appellee should receive a fixed sum, $32,500, at some future, but uncertain, time, and in consideration of such agreement, the appellee paid him $8,750. Just what the ap-

pellant agreed the appellee should receive has been awarded to her. She does not get a dollar more because the appellant may have dealt with her on the basis of a contingent interest, which has since been judicially declared to be a vested one.

Appeal dismissed at appellant's costs, and as to him the decree is affirmed.