PENNSYLVANIA CO. v. SCOFIELD et al.

(Circuit Court of Appeals, Third Circuit. May 18, 1908.)

No. 11.

1. DEATH—ACTION FOR WRONGFUL DEATH—PENNSYLVANIA STATUTE.
    Under the Pennsylvania statutes of 1851 (P. L. 674, § 19) and 1855 (P. L. 309), giving a right of action for wrongful death, as construed by the Supreme Court of the state, the expectation of pecuniary benefit from the life of the deceased gives a right of recovery to the relatives named in the statute, and it is not necessary that the plaintiff should have been dependent upon or have had a legal claim upon the services of the deceased.

2. COURTS—JURISDICTION OF FEDERAL COURT—ACTION FOR WRONGFUL DEATH.
    Whether a nonresident is entitled to maintain an action for wrongful death under a state statute is a question which goes to the defense of such an action, and does not affect the jurisdiction of a federal court therein.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

See 149 Fed. 601.

J. Ross Thompson and Samuel G. Thompson, for plaintiff in error.

J. R. McQuigg and J. B. Cessna, for defendants in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Scofield and wife, citizens of Ohio, sued for damages sustained by them by the death of their son, caused by the railroad's alleged negligence. The plaintiffs based their claim on the Pennsylvania statutes of 1851 and 1855, viz.:

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned." P. L. 674, § 19.

"The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors." P. L. 309.

The case resulted in a verdict and judgment for the plaintiffs, whereupon the railroad sued out this writ of error.

The decedent was an unmarried adult, and made his home with his parents. He and his father were architects. The son worked for his father, and at the time of his death and for some years previously had, beyond withdrawing a small part for his personal expenses, given his earnings to his father. There was evidence in his declarations that he purposed continuing this course. The parents were possessed of means, and the son's earnings neither went to nor were required by the parents for support. The court below refused a point of the railroad that if "the jury find from the evidence that the plaintiffs have ample means of their own for their support, not depending on the deceased son, Donald C. Scofield, for maintenance or support, he being of full age, and the plaintiffs not having the right to claim loss of service per quod amisit servitium, the plaintiffs cannot recover," and affirmed a point of the plaintiffs that:

"It is not necessary, in order to recover in this case, for the plaintiffs to show a legal claim on their son for support; neither is it necessary for them to show that they are dependent upon him for support. Their right to recover, if at all, depends upon the pecuniary loss they have sustained, and not upon a legal claim for support or upon dependency."

In so doing, the court below committed no error, for it followed the construction given the acts in question by the Supreme Court of Pennsylvania. That court has held that the existence on the part of plaintiff of a reasonable expectation of pecuniary benefit from the deceased, and not necessarily support and maintenance, was the ground of recovery under the statute. This construction of the statute, first announced in Pennsylvania R. R. v. Adams, 55 Pa. 499, has been followed in later cases, among which we may refer to North Penn Company v. Kirk, 90 Pa. 17; and Stahler v. Reading Ry. Co., 199 Pa. 383, 49 Atl. 273, 85 Am. St. Rep. 791. That construction is briefly summarized by that court in the statement that:

"The words 'parent' and 'children' in the act of 26th April, 1855, are used to indicate the family relation in point of fact, as the foundation of the right of action, without regard to age; and 'if there be a reasonable expectation of pecuniary advantage from a person bearing the family relation, the destruction of such expectation by negligence occasioning the death of the party from whom it arose will sustain the action.'"

On the question whether a right of action was conferred by the Pennsylvania statute on the plaintiffs, who were citizens of Ohio, it suffices to say it was not raised in the court below and is not properly before us on any assignment of error. The question is one of defense, and not of jurisdiction (Venner v. Great Northern Ry., 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. ——; Illinois Central R. R. Co. v. Adams, 180 U. S. 34, 21 Sup. Ct. 251, 45 L. Ed. 410), and upon it we express no opinion.

Finding no error in the action of the court below, this judgment is. affirmed.