VINING v. REXFORD.

(Circuit Court of Appeals, Third Circuit. January 18, 1913.)

No. 1,686.

1. DEATH (§ 18*)—RIGHT OF ACTION—"CHILDREN."

Under Act Pa. April 15, 1851 (P. L. 674) § 19 (Purdon's Dig. [13th Ed.] p. 3240, par. 3), and Act Pa. April 26, 1855 (P. L. 309) § 1 (3 Purdon's Dig. [13th Ed.] p. 3241, par. 4), authorizing an action for death occasioned by unlawful violence or negligence for the benefit of a husband, widow, children, or parents of the deceased, "children" are entitled to sue for the wrongful killing of their parents, whether the children are adults or minors, and though they were not a part of the household at the time of the killing.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** DEATH (§ 18*)—KILLING OF MOTHER—ACTION BY ADULT SON—DAMAGES.

An adult son, who had not been a member of his mother's household for several years, could not recover damages for her wrongful death, under Act Pa. April 15, 1851 (P. L. 674) § 19 (Purdon's Dig. [13th Ed.] p. 3240, par 3), authorizing the maintenance of an action for death occasioned by unlawful violence or negligence, for the benefit of a husband, widow, children, or parents of the deceased, but allowing damages only to the extent of pecuniary loss, where there was no proof, either of the decedent's manner of life, habits of expenditure, or sources of bounty, or the amount reasonably to be expected.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

**3.** DEATH (§ 18*)—RIGHT TO SUE—PECUNIARY LOSS.

Where an adult son, who had not been a member of his mother's family for many years, was under no obligation to reimburse third persons for advances by them for funeral expenses after she had been negligently killed, the fact that they expected him to reimburse them, and that he intended to do so, was insufficient to show a pecuniary loss by him as the result of his mother's death, so as to entitle him to maintain an action therefor.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

**4.** DEATH (§ 18*)—ACTION—RIGHT TO SUE—NOMINAL DAMAGES.

An adult son, who had not lived with his mother for many years at the time she was wrongfully killed, and had not suffered any substantial pecuniary loss by reason of her death, could not maintain an action in Pennsylvania therefor in order to recover nominal damages.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Charles P. Orr, Judge.

Action by Archie C. Vining against William F. Rexford. Judgment for defendant, and plaintiff brings error. Affirmed.

Walter C. Longstreth, of Philadelphia, Pa., for plaintiff in error.

Reynolds D. Brown, Francis Gallager, and Malcolm Lloyd, Jr., all of Philadelphia, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. In this action of trespass an adult son, 28 years of age, seeks to recover damages for the death of his mother, although he had not been a member of the household for several years. A compulsory nonsuit was entered upon two grounds: (1) That the plaintiff's evidence on the subject of damages was so imperfect that a verdict in his favor would be a mere guess; and (2) that the evidence would not justify a finding of the defendant's negligence. Believing that the first ground was properly taken, we shall not discuss the second.

[1] The Pennsylvania act of 1851 (section 19, P. L. 674; Purdon [13th Ed.] p. 3240, par. 3; 3 Pepper & Lewis' Statutes [2d Ed.] 5332) and the act of 1855 (section 1, P. L. 309; 3 Purdon, p. 3241; 3 Pepper & Lewis' Statutes, 5333) are the foundation of the suit. In case of death "occasioned by unlawful violence or negligence," they authorize an action for the benefit of the husband, widow, children, or parents of the deceased, but do not allow dam-

ages except for pecuniary loss. The "children" may be adults or minors, and they need not have been part of the household at the time of the death. As was said in Schnatz v. Railroad, 160 Pa. at page 606, 28 Atl. at page 953:

"The act itself makes no distinction between children over age and those under, between those married or single, between those having homes and families of their own and those still members of the parents' household. Such distinctions may have significance in determining the amount of damage pecuniarily suffered, * * * but they do not affect the statutory right on the part of children to a standing in court as claimants or suitors."

But the court goes on to say (page 607 of 160 Pa., page 954 of 28 Atl.):

"It may be assumed, then, that the existence of the parental relation, while it would give the children a standing in court as parties, without more would not sustain this judgment; but if there was evidence from which the jury could find a reasonable expectation of pecuniary advantage from the continued life of the mother they might assess as damages the actual money loss of the children."

[2] Thereupon the court proceeded to examine the evidence in that case, and pointed out, not only the pecuniary benefits received by the children during their mother's life, but also (and this is especially important now) the sources from which these benefits were derived. The mother owned a house and four acres of ground in a Pennsylvania village among the mountains. She was a thrifty woman, a storekeeper in a small way, as well as the cultivator of her land. Two of her three daughters (one of the two being in bad health) came regularly year by year and spent the summer, paying no board and also profiting physically by the change of climate and scene. She gave money and clothing at times to one of her daughters, furnished potatoes gratuitously to the family of another for 16 years, nursed, sewed, and performed other services from time to time without charge; and the court held that a jury "might find from such evidence a reasonable expectation of future benefits of like value and character, and thereby approximate a money loss."

The only other case cited from Pennsylvania upon the right of adult children to recover (Stahler v. Railway, 199 Pa. 383, 49 Atl. 273, 85 Am. St. Rep. 791) turns upon another question; but we may note in passing that "the plaintiff's testimony showed conclusively that the deceased had for about 10 years contributed in the aggregate to the three sons about $2,500 yearly," and that he "carried on a large wholesale and retail drug business and an agency for the sale of powder, [and that] he owned real estate in Norristown and Bridgeport."

Clearly a child may be as much bound to prove the sources of a parent's bounty as to prove the amount. Whether the gifts come from income or from principal, from a salary or from wages, from an established business or from a precarious venture, from abundance or from narrow means, is evidently of much consequence. And, moreover, since gifts are usually made from surplus, the parent's manner of life and habits of expenditure must ordinarily be

taken into account. In the present case, however, there was not a word of evidence on these matters, and we agree with the learned judge that without some light thereon a verdict would have had little to support it.

[3] The plaintiff's testimony about the funeral expenses did not strengthen his case. He did not contract for them, directly or indirectly, and he had not paid them, or even promised to pay them. They had been paid by two other persons (but for what reason did not appear), and the plaintiff's testimony goes no farther than to say that these persons "certainly expect [him] to reimburse them therefor." He does not even say that he intends to reimburse them; but, if we assume that he means as much as this, it is still true that he is under no obligation to make the payment.

[4] The testimony about the telegrams is too meager and unsatisfactory to call for discussion. And only a word need be added on the subject of nominal damages. The plaintiff did not ask that the jury might be permitted to render such a verdict, and it is manifest that the subject was neither raised nor decided at the trial. But if it is properly before us on this writ we may say that no Pennsylvania case has been cited to support the proposition that a plaintiff in such an action as this has a definite right to recover nominal damages at least, although he may fail to prove a substantial loss. So far as we are advised, it is not the practice in this state (whatever it may be elsewhere) to allow such a verdict in a suit of this kind. Sometimes a nominal verdict may be of real value—for example, where it settles a disputed right—but where the only object of the action is to redress a pecuniary loss such a verdict would seem to be of no use, except, perhaps, to carry costs, and we may leave the state courts to weigh that consideration; for in the federal courts a nominal verdict in such a case could not carry costs, because it would necessarily be less than $500

The judgment is affirmed.