Isaac, Assignee, Appellant, *v.* Davis et ux.

Argued April 12, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Earl G. Harrison,* with him *Emanuel Weiss,* and *Saul, Ewing, Remick & Saul,* for appellant.

*Harvey F. Heinly,* with him *Henry F. Wiegand,* for appellees.

OPINION BY MR. JUSTICE BARNES, October 8, 1937:

This is an appeal from an order making absolute a rule for a new trial. The defendants, husband and wife, executed and delivered to plaintiff Bloch a judgment note in the amount of $5,000 as consideration for the purchase of a farm. It accompanied a written agree-

ment for the sale of the property. A judgment having been entered by confession upon the note, it was assigned by Bloch to his brother-in-law Isaac, the use plaintiff in these proceedings. Subsequently, upon the issuance of a writ of execution, the defendants petitioned the court to open the judgment. Depositions were taken by both parties which, upon consideration by the court, resulted in an order making absolute the rule to open the judgment. The execution was stayed and an issue directed to be tried before a jury.

At the trial which followed, defendants produced testimony to the effect that the written agreement, of which the judgment note was a part, was intended to embody a previous oral understanding between the parties, but that by fraud and misrepresentation on the part of Bloch, a most material feature of this understanding had been omitted from the writing.

The provision alleged to have been omitted by Bloch, who prepared the agreement, was to the effect that if the defendants would buy and occupy Bloch's farm, Bloch would undertake to sell the defendants' home, then occupied by them, and if he failed to sell it within a year, he would take back the farm and defendants could move back to their house, the entire arrangement between the parties to be terminated without liability. The agreement as written contains no such stipulation.

On the ground that the evidence was insufficient to relieve defendants from the judgment, the trial judge gave binding instructions for the plaintiff. However, after argument upon defendants' motion for a new trial, the court in banc held that the case should have been given to the jury and that the direction for binding instructions was error. The opinion of the court in banc was written by the judge who had presided at the trial. Accordingly a new trial was granted, whereupon plaintiff appealed.

It is firmly settled that the awarding of a new trial lies largely in the discretion of the trial court, and that

in the absence of clear error or a palpable abuse of discretion such an order will not be reversed: *Class & Nachod Brewing Company v. Giacobello,* 277 Pa. 530; *Koch v. Imhof,* 315 Pa. 145; *Frank v. Bayuk,* 322 Pa. 282. We see no reason for making an exception to this rule in the instant case. A careful examination of the entire record does not convince us that the court below erred or abused the discretion vested in it. The testimony of defendants and their witnesses was clear and satisfactory, and, if believed, would establish that they were hurried into signing documents, as to the contents and effect of which they were deliberately deceived. While this testimony was contradicted by plaintiff's witnesses, it was, under our decisions, sufficient evidence of fraud to require the submission of the case to a jury: *Madole v. Miller,* 276 Pa. 131; *Oxweld Acetylene Company v. Johnson,* 72 Pa. Superior Ct. 404; *Hollowell's Estate,* 120 Pa. Superior Ct. 576. We find no reversible error in the order entered by the court below, granting a new trial.

The appeal is dismissed and the order affirmed, costs to abide the final result.