## Kline *v*. Thornton, Appellant.

Argued May 9, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*F. B. Wickersham,* of *Metzger & Wickersham,* with him *Frank E. Tressler,* for appellant.

*Edwin J. McDermott, William Charles Brown* and *Luke Baker,* for appellee, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, June 17, 1938:

Plaintiff brought this action to recover damages for the death of her husband, caused by a collision between the automobile he was driving and a truck belonging to defendant, driven by his son. The jury found a verdict for defendant.

The able and experienced judge who conducted the case awarded a new trial, assigning two reasons for so doing. As to the first, he says in his opinion: "The reading of the testimony in this case strongly confirms the impression we had at the conclusion of the trial that the verdict is clearly against the weight of the credible evidence. For this reason we feel compelled to grant a new trial." In *March v. Phila. & West Chester Trac. Co.,* 285 Pa. 413, 418, 132 A. 355, we said: ". . . the trial judge, who saw and heard the witnesses, is far better able to decide what weight should be given to their testimony, and hence as to what is the proper course to be pursued, than an appellate court, not so favored, can possibly be": and in *Frank v. Bayuk,* 322 Pa. 282, 283, 185 A. 705, "An award of a retrial is an inherent power of the court of common pleas and entirely discretionary. . . . Such order will not be reversed unless there is clear error of law or palpable abuse of discretion." To the same effect are *Plazak v. Allegheny Steel Co.,* 324 Pa. 422, 188 A. 130; *Isaac v. Davis,* 327 Pa. 401, 194 A. 401; *Reiser v. Smith,* 328 Pa. 292, 195 A. 56, and *Edwards v. Crawford,* 328 Pa. 449, 196 A. 58.

The court was further of opinion that it was error to permit defendant to prove, as he did, that plaintiff had received from the Employees Retirement Association of the public school system (her husband was a teacher) the sum of $2,489.33 as a result of her husband's death, and to direct the jury to take this fact into consideration

in connection with the question of damages. The court concluded the jury might have considered, although defendant was liable, this substantial sum as sufficient compensation, and that he should not be required to pay more. While the court speaks of the payment as insurance, properly speaking, it was not. It represented the sums paid into the fund by the deceased with four per cent compound interest added. However, had it been insurance, it would have been just as much error to permit the payment to be shown: *Stahler v. Railway Co.*, 199 Pa. 383, 385, 49 A. 273; *Ridgeway v. Sayre Electric Co.*, 258 Pa. 400, 407, 102 A. 123; *Florence v. Del., L. & W. R. R. Co.*, 258 Pa. 456, 460, 102 A. 133; *Littman v. Bell Tel. Co. of Pa.*, 315 Pa. 370, 381, 172 A. 687.

The order awarding a new trial is affirmed.