Williams, J.
 

 The sole question involved is whether two judges of the Court of Appeals may, over the objection of the appellant,'hear and determine an appeal on questions of law where one of the errors assigned is that the decision of the trial court (a jury having been waived) is against the manifest weight of the evidence.
 

 The journal entry of the Court of Appeals contains
 
 *49
 
 the following recitation: “This cause came on for hearing and appellant moved for a hearing before a full court and objected to proceeding with the hearing before the two judges present, and it appearing to the court that the two judges present constitute a quorum of the court, and the judges present, having ascertained and determined that the absence of Hon. James W. Roberts is caused by his death on the twenty-sixth day of October, 1937, and that no judge has been appointed by the Governor to fill the vacancy, all of which has been entered upon the journal of this court, said motion of appellant is overruled; to which ruling appellant excepts.”
 

 Article IV, Section 6 of the Ohio Constitution provides: “The state shall be divided into appellate districts of compact territory bounded by county lines, in each of which there shall be a Court of Appeals consisting of three judges * * *. No judgment of a Court of Common Pleas, a Superior Court or other court of record shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence, and by a majority of such Court of Appeals upon other questions * * *.” •
 

 Section 1515, General Code, provides: “A majority of the judges of the Court of Appeals', competent to sit, shall be necessary to form a quorum, or to make or render any order, judgment or decree. No judge shall absent himself from a term of court in his district or to which he has been assigned, except on account of sickness or other good cause. In the event of the absence of a judge for any such cause, the judges present shall not proceed to’the transaction of business until such cause of absence is determined by them and entered on the journal.”
 

 The leading case on this subject is
 
 Bayes
 
 v.
 
 Midland Casualty Co.,
 
 92 Ohio St., 303, 110 N. E., 751. The law is stated in the syllabus as follows:
 

 
 *50
 
 “1. The Court of Appeals acquires its jurisdiction directly and solely from the Constitution, as amended September 3, 1912. Under the provision of Section 6, Article IV, that no judgment of a Court of Common Pleas, a Superior Court or other court of record shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence, two judges of that court are without constitutional authority to reverse a judgment upon that ground and no act or consent of parties can confer such authority.
 

 “2.
 
 Where the plaintiff in error in the Court of Appeals does not avail himself of the right to have a whole court, consisting of three judges, review the judgment of which he complains, but submits the cause to two judges of the court, he thereby waives the assignment of error that the verdict or judgment is against the manifest weight of the evidence.”
 

 The jurisdiction of the Court of Appeals is fixed by the Constitution and is not subject to enlargement or modification by legislative enactment. The General Assembly, however, within constitutional limitations may regulate procedure. Section 1515, General Code, which requires two judges to form a quorum or to enter an order, judgment or decree, does not enlarge the jurisdiction of the court in any way, nor contain anything inconsistent with the Constitution. In fact it is fundamental that a majority of the judges of a reviewing court may hold court in the absence of the rest, provided there is no constitutional or statutory > inhibition.
 
 Campbell
 
 v.
 
 Seaman,
 
 63 N. Y., 568, 20 Am. Rep., 567;
 
 State
 
 v.
 
 Lane,
 
 26 N. C., 434;
 
 Aultmam,
 
 v.
 
 Utsey,
 
 35 S. C., 596, 14 S. E., 351;
 
 Frank
 
 v.
 
 Bayuk,
 
 322 Pa., 282, 185 A., 705.
 

 The Constitution contains no language which expressly prevents two judges from hearing and determining an assignment of error involving the weight of the evidence or which expressly denies a majority
 
 *51
 
 power to affirm a judgment when that question is raised. The. constitutional provision merely forbids the reversal of any judgment of a court of record on the weight of the evidence except by the concurrence of all the judges.
 

 It does not follow that two judges, over the objection of the party seeking a reversal, have power to hear and determine an assignment of error which may not be sustained without a unanimous vote of the •entire bench. The aggrieved party has a right to have his case submitted to an appellate court fully empowered to hear and determine the whole controversy and not merely to a court that, in the exercise of its jurisdiction, has only the alternative of holding that the decision (or verdict) is not against the manifest weight of the evidence, or of passing the cause on to another Court of Appeals consisting of three judges. To compel the appellant to submit his case to two judg’es when the unanimous action of three judges is required in order to render a decision in his favor is to put him to a disadvantage. This course would be playing fast and loose with the aggrieved party’s rights by giving him no chance for a reversal on the weight of the evidence on the first review and giving to his opponent a chance for an affirmance not only on the first review but also on the second review before a full bench. The power to hear is correlative with the power to decide. - Complete jurisdiction necessarily involves authority to decide the case either way on each assignment of error; that authority was lacking-in the appellate court.
 

 In proceeding to hear and determine the cause with only two judges' present over the objection of appellant, the Court of Appeals'committed error prejudicial to appellant.
 

 For reasons given the judgment of the Court of Appeals will be reversed and the cause remanded to
 
 *52
 
 that court for further proceedings not inconsistent with this opinion.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.