Fornelli *v.* Penna. R. R. Co., Appellant.

Argued October 6, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel W. Pringle,* with him *Dalzell, Dalzell, McFall & Pringle,* for appellant.—The accident was caused by the negligence of decedent: Bardis v. Ry., 267 Pa. 352; Sweatman v. R. R., 264 Pa. 286; Bass v. R. R., 303 Pa. 382.

Where it clearly appears that the court below, in ordering a new trial, bases its decision on a plain and palpable error of law applicable to the facts of the case, it is such an abuse of discretion as will warrant a reversal: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; Danboro & Plumsteadville T. Road Co. v. Bucks County, 258 Pa. 391.

*Robbin B. Wolf,* of *McCreery & Wolf,* for appellee.— Neither party having filed a motion for judgment following the verdict, the only matter before the court below and consequently the only matter before this court at this time on appeal, is the order granting a new trial: March v. Traction Co., 285 Pa. 413; Pyle v. Finnessy, 275 Pa. 54; West v. Ins. Co., 277 Pa. 102.

The appellate court will disturb the right of the court below to grant a new trial only in the event of a palpable abuse of discretion: Joyce v. R. R., 230 Pa. 1; Cuteri v. Penn. Ry, 305 Pa. 347; Bailey v. Lavine, Inc., 302 Pa. 273; Lombardo v. Barilla, 302 Pa. 460; Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530.

OPINION BY MR. JUSTICE DREW, November 28, 1932:

Plaintiff's husband, Albert Fornelli, was struck and killed by a locomotive owned and operated by defendant in the plant of the Shenango Furnace Company at Sharpsville. After a verdict for defendant, the court below granted a new trial because of alleged inadequacies in the charge. From that order defendant appealed, assigning as error the refusal of its motion for binding instructions and the granting of plaintiff's motion for a new trial. Plaintiff married again after this suit was entered, and the record was accordingly amended.

Fornelli, for more than twelve years, was employed by the furnace company as foreman in charge of laborers whose duty it was, among other things, to unload iron ore from railroad cars on one of two parallel elevated tracks running east and west in the company's plant. He was very experienced in his duties, which included ordering loaded cars brought into the yard, seeing them placed and unloaded, passing the empty cars out of the yard, and keeping watch over the men doing the work, so as to warn them of the approach of the cars.

On the morning of the accident, Fornelli was superintending the work of laborers unloading ore from cars standing on one of these tracks—the south track. The tracks were about nine feet apart and were on a slight grade. Between them was a boardwalk about two feet wide, the space between the walk and the north track being filled with ore approximately to the level of the walk. Just prior to the accident defendant's locomotive, running backward with tender in front and pulling several cars, entered the north track, at a point several hundred feet from Fornelli, and proceeded in his direction. Neither whistle nor bell was sounded, but the train was running at a very low rate of speed, and was in clear view of Fornelli and his men. Fornelli, standing near the inner rail of the north track, facing

the cars his men were unloading on the south track, was struck and knocked down by the running board of the tender, the wheels of which passed over his body and killed him almost instantly. In this statement we have given plaintiff the benefit of all facts and reasonable inferences in her favor that can be drawn from the evidence.

It is clear that Fornelli was guilty of negligence. He did not keep a proper lookout immediately prior to the accident, with the result that he brought himself into contact with the engine he knew was operating on that track. He disregarded his plain duty of protecting himself and his men. He had given the order for the movement of the train; it was going out of the yard at the time of the accident under instructions given by him. It was where he should have expected it to be, and if he had exercised any care whatever, he would not have put himself in a place where he could be struck. There was plenty of room between the two tracks in which he could have stood in perfect safety, where doubtless he had stood in hundreds of similar cases in the years he did this same work in this place.

The engineer had no reason to expect that Fornelli would not watch the movement of the engine, or that he would bring himself into contact with it as it was passing. He had a right to rely upon Fornelli's doing his duty, as he had always done before. There is nothing in the record to indicate negligence on the part of defendant. The record shows clearly that the accident was caused solely by the negligence of Fornelli.

This case is not unlike that of Bardis v. Phila. & R. Ry. Co., 267 Pa. 352, where, as here, the accident happened in the yard of a manufacturing company. We there said: "There is no duty on trainmen to be observant where they do not know of, or are not required to anticipate, the presence of workmen or others on the tracks. ......No warning, by light or signal, of the cars' approach, was necessary. A jury cannot be permitted to

find anything negligent which is less than the failure to discharge a legal duty: Cunningham v. Phila. & R. Ry. Co., 249 Pa. 134, 137."

Under the circumstances, it was the duty of the trial court to grant defendant's motion for binding instructions, and it was error to refuse to do so. There should have been no submission of the case. The jury, in returning a verdict for defendant, in effect cured the error of the trial court, but this error was subsequently repeated by the action of the court in banc in granting a new trial. At the argument before the court in banc the trial judge was not present, he being no longer a member of the court. We therefore are in as good position to review the record as was the court below. The reason given for the granting of the new trial was that the charge was inadequate, but that is of no moment, even if true, because there should have been no charge, and would have been none if the trial court had not erred in refusing the motion for binding instructions. The facts and the law of the case were fixed; they showed no liability on the part of defendant, and on them the court should not have done otherwise than direct a verdict for defendant. In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law. Its action was controlled by a point of law, the decision of which governed the case, to the exclusion of other considerations, and required the direction of a verdict for defendant. Under such circumstances an order granting a new trial will be reversed: see Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530.

The order of the court below is reversed, the verdict for defendant is reinstated, and judgment is here entered upon the verdict.