## Frank, Admr., *v.* Bayuk, Appellant.

Argued April 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*S. S. Herman,* of *Herman & Harris,* for appellant.

*Robert M. Bernstein,* with him *Albert J. Bader,* for appellee.

PER CURIAM, June 26, 1936:

This is an appeal from an order granting a new trial. An award of a retrial is an inherent power of the court of common pleas and entirely discretionary: *Graham v. Graham,* 1 S. & R. 330. Such order will not be reversed unless there is clear error of law or palpable abuse of discretion: *Duaine v. Gulf Refining Co.,* 285 Pa. 81; *Alianell v. Schreiner,* 274 Pa. 152; *Hess v. Gusdorff,* 274 Pa. 123; *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530.

The court below assigned several reasons for allowing appellee's motion. The principal one was improper admission of opinion testimony by a witness not qualified as an expert upon a matter which the jury was competent to determine. Another incidental ground was the introduction by the insurance carrier, which had assumed the defense, of a charge of collusion between appellant and appellee which tended to obscure the real issue and prejudice appellee's position. The court believed justice necessitated another trial. The reasons assigned were not erroneous as a matter of law, and involved a proper exercise of discretion. Even if the verdict should appear correct to us, we will not reverse unless the court below commits manifest error in awarding a new trial. There are many incidents of a trial, includ-

ing the manner of its conduct, which a judge may feel are productive of prejudice.

Appellant cites *Walters v. Federal Life Ins. Co.*, 320 Pa. 588; *Petkov v. Metropolitan Life Ins. Co.*, 321 Pa. 14; *Fornelli v. P. R. R. Co.*, 309 Pa. 365. The scope of our review is no greater by reason of these decisions. The cases referred to hold that where binding instructions should have been given as a matter of law for the party in whose favor the verdict is rendered, it is error to award a new trial. Here the question of negligence and contributory negligence was for the jury; a directed verdict could not be had.

Without prolonged discussion we dismiss appellant's contention that the court below was not a properly constituted court en banc. It is important for the trial judge to sit with the other members of the court to hear argument on such motions, but his absence does not deprive the others of the power to act: *Dobson et ux. v. Crafton Boro.*, 315 Pa. 52. While all the members of the court should be present, this is not always possible. Consequently, it has been stated that a court en banc is properly constituted if a majority of the available judges take part: *McCormick's Contested Election*, 281 Pa. 281; *Zimmerman v. P. R. R. Co.*, 293 Pa. 264. The order of the two judges properly decided appellee's motion.

Appeal dismissed with a procedendo.