## Kline et al. *v.* Moyer (et al., Appellant).

Argued January 23, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Glenn A. Troutman,* of *Wesley, Wagoner, Troutman & McWilliams,* with him *Paul D. Edelman,* for appellant.

*Charles H. Weidner* and *Stevens & Lee,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 30, 1939:

The factual situation and the principles of law applicable to the merits of this case are fully set forth in the opinion on the first appeal, reported in 325 Pa. 357, when this Court ordered a new trial. Clarifying evidence was to be presented as to whether appellant's negligence was concurrent or wholly independent; that is, whether or not the co-defendant Moyer could have avoided the injury had he exercised reasonable care after sighting appellant's truck, thereby breaking the causal connection between appellant's negligence and appellee's injuries. Through no fault of the parties to the present appeal, a material witness on this question did not tes-

tify at the second trial, with the result that the necessary evidence was not presented and a verdict was returned for appellant. The court below granted a new trial, stating: "We are of the opinion that in the interest of justice there should be a new trial in order that the plaintiffs or the defendant Albert may produce the necessary clarifying evidence, if obtainable. Neither of them, so far as the record discloses, had any reason to know before the last trial that Moyer would not again produce and examine Zerr; they or either of them may now do so." Appellant urges that the award of a new trial was an abuse of discretion.

It is fundamental that the trial court has inherent discretionary power to grant a new trial, subject to review only where there is "clear error of law or palpable abuse of discretion": *Frank v. Bayuk*, 322 Pa. 282, 283.[1] It was certainly no abuse of discretion to allow a new trial to further the interests of justice,[2] through a new opportunity to obtain the testimony of a witness whose absence was satisfactorily explained. Justice may on occasion require more than one new trial.[3]

Appellant was not entitled to a directed verdict as a matter of law, and no assignment of error raises any such question, though it is set forth in the questions involved. *Walters v. Federal Life Ins. Co.*, 320 Pa. 588, and *Petkov v. Metropolitan Life Ins. Co.*, 321 Pa. 14, cited by appellant, are distinguishable on the ground that in those cases binding instructions should have been given, as a matter of law, and were requested. See *Frank v. Bayuk*, 322 Pa. 282, 284.

Order affirmed at appellant's cost.

---

[1] See also *Williamson et al. v. McCracken*, 330 Pa. 254; *Kline v. Thornton*, 331 Pa. 71; *Cirquitella et ux. v. C. C. Callaghan, Inc.*, 331 Pa. 465; *Wilson v. Kallenbach*, 332 Pa. 253.

[2] See *Dinan v. Supreme Council*, 213 Pa. 489, 491-2; *Lamberton Nat. Bank v. Shakespeare et al.*, 321 Pa. 449, 451; *Reiser v. Smith*, 328 Pa. 392.

[3] See *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, 559.