Gerber, Appellant, *v.* Jones (et al., Appellant).

Argued October 7, 1942.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT
and KENWORTHEY, JJ.

*Michael A. Foley,* with him *Henry I. Koplin,* for appellant, No. 124.

*Charles A. Rothman,* for appellee, No. 124 and appellant No. 125.

*Raymond Pace Alexander,* for appellee, No. 125.

OPINION BY RHODES, J., February 13, 1943:

Plaintiff brought this action in trespass on September 19, 1940, to recover damages for personal injuries sustained by him on August 21, 1940, when he stepped into a hole in the curb of the sidewalk as he was alighting from his automobile near the intersection of Croskey and Arch Streets in the City of Philadelphia. The defendants are the Fidelity-Philadelphia Trust Company, owner of the abutting property, and Edward Jones, a lessee. On October 7, 1940, judgment was entered against Jones for want of an appearance. On October 21, 1940, the trust company filed an affidavit of

defense wherein it alleged that the property was in the sole and exclusive possession of Jones by virtue of a lease dated March 2, 1936. The case was tried on February 6, 1941, and the jury, which tried the issue of liability between plaintiff and the trust company, found in plaintiff's favor, and returned a verdict against both defendants in the sum of $800. The assessment of damages was the only matter submitted to the jury as to Jones. See Act of May 22, 1722, 1 Sm. L. 131, §27, 12 PS §687. The trust company filed a motion for judgment n.o.v., and lessee filed a motion for new trial. The trust company's motion was dismissed, and a new trial was granted as to both defendants. An appeal was taken by the trust company (No. 124, October Term, 1942), and by the plaintiff (No. 125, October Term, 1942). We shall dispose of both appeals in one opinion.

The trust company's first and second assignments of error in appeal No. 124 relate to the refusal of its point for binding instructions and the dismissal of its motion for judgment n.o.v. Its remaining assignment of error and plaintiff's assignments of error in appeal No. 125 relate to the granting of a new trial as to both defendants.

The real question before us is whether the court below abused its discretion in granting a new trial as to both defendants. See *Murphy v. McGinnis*, 343 Pa. 255, 22 A. 2d 649. The Act of April 22, 1905, P.L. 286, as amended by the Act of April 9, 1925, P.L. 221, 12 PS §681 et seq., has not changed the established practice on appeals from the award of a new trial *(Trimble v. Mennel Milling Co.*, 313 Pa. 188, 189, 169 A. 84), and it does not deprive the court of its immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires. *March v. Philadelphia & West Chester Traction Co.*, 285 Pa. 413, 416, 132 A. 355; *Phillips v. American Stores Co.*, 342

Pa. 33, 35, 20 A. 2d 190. In any event that court could not have done otherwise than refuse defendant's point for binding instructions and dismiss its motion for judgment n.o.v. The evidence is meager as to when the sidewalk became defective, but the only testimony is that the defect existed prior to the date when the trust company and Jones first entered into a lease agreement. There is no evidence that it became defective during the occupancy of the lessee Jones. The evidence as to the liability of the trust company was for the jury, and we find no merit in the contention that plaintiff was contributorily negligent as a matter of law. It is true that there was contradiction in plaintiff's testimony. But when by reason of conflicting statements the plaintiff's testimony leaves the question of his contributory negligence in doubt, since he has not the burden of proof on that issue, it is for the jury to reconcile the statements and say which shall prevail. *Adams v. Gardiner*, 306 Pa. 576, 585, 160 A. 589; *Cronmuller v. Evening Telegraph*, 232 Pa. 14, 17, 81 A. 58; *Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.*, 158 Pa. 233, 237, 238, 27 A. 970; *Brungo v. Pittsburgh Rys. Co.*, 132 Pa. Superior Ct. 414, 417, 200 A. 893. See, also, *Black et al. v. Philadelphia Rapid Transit Co.*, 239 Pa. 463, 466, 86 A. 1066.

The court below was of the opinion that "justice demanded a retrial of the case." It has been held that trial courts have inherent discretionary power to grant new trials, subject to review only where there is "clear error of law or palpable abuse of discretion." *Kline et al. v. Moyer et al.*, 333 Pa. 486, 488, 3 A. 2d 920; *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333. "Generally, where there are several defendants, if the record shows that the interests of justice require a new trial as to all of them, an order to that effect will not be disturbed on appeal": *Brogan v. City of Philadelphia et al.*, 346 Pa. 208, 29 A. 2d 671, at page 672.

See *Powell et al. v. Garden Court Corporation,* 146 Pa. Superior Ct. 372, 374, 22 A. 2d 605.

The order will be affirmed.

Judgment was entered against Jones, the lessee, for want of an appearance under the Act of June 13, 1836, P. L. 568, §34, 12 PS §733. A copy of the statement of claim was never served upon him. Rule 69 (1) of the Court of Common Pleas of Philadelphia County requires that: "A copy of each paper filed in any action or proceeding including praecipes to place the case on the trial list, shall be served by the party filing it upon all other parties to the litigation or their attorneys of record, within forty-eight hours after filing." A rule upon plaintiff to show cause why the judgment entered should not be opened and the defendant Jones let into a defense is pending in the court below, and failure to serve copy of statement as required by Rule 69 (1) is a proper matter for consideration by that court. Jones apparently appeared at the trial of the case as a witness subpoenaed by plaintiff.

There is uncontradicted testimony that at the time of the accident another tenant occupied a portion of the building owned by the trust company and also occupied by Jones. It is the rule that if the owner is out of possession by reason of a lease of the entire property and during such tenancy the sidewalk falls into disrepair the tenant and not the owner is liable for injuries to a stranger using the sidewalk. *Bruder v. Philadelphia et al.,* 302 Pa. 378, 384, 153 A. 725; *Briggs et al. v. Philadelphia et al.,* 316 Pa. 48, 51, 173 A. 316. See, also, *Ford v. Philadelphia et al.,* 148 Pa. Superior Ct. 195, 199, 24 A. 2d 746; *Knickerbocker v. Scranton et al.,* 344 Pa. 317, 319, 25 A. 2d 152. However, if the defect existed at the time of the demise, at least the landlord is responsible to the injured party. *McLaughlin v. Kelly,* 230 Pa. 251, 256, 79 A. 552. We have also had occasion to say that the owner

of the property is relieved of liability for a sidewalk defect only where the entire premises have been leased to one tenant. *Baxter et al. v. Borough of Homestead et al.,* 120 Pa. Superior Ct. 182, 182 A. 68. Such tenant by taking exclusive possession of the premises has placed himself in the position of an owner with consequent responsibility. *Knickerbocker v. Scranton et al.,* supra, p. 321. In *Weigand v. American Stores Company et al.,* 346 Pa. 253, 29 A. 2d 484, at page 485, our Supreme Court has recently said: "It has been held that where an owner is out of possession because of a lease of an entire property, his liability for repair of sidewalks ceases and the tenant is liable; but where the premises are let to several tenants each occupying different portions but all enjoying or using certain portions in common, the landlord is in control of and is responsible for the condition of the sidewalk in front of the portion of the premises used in common: *Bruder v. Phila.,* 302 Pa. 378, 153 A. 725; *Baxter v. Homestead Boro.,* 120 Pa. Superior Ct. 182, 182 A. 68; *Cooker v. Great A. & P. Tea Co.,* 120 Pa. Superior Ct. 239, 182 A. 71."

It would be difficult to define the phrase "abuse of discretion," as each case must be determined with reference to its own particular facts. See *Adelman v. John McShain, Inc.,* 148 Pa. Superior Ct. 138, 141, 24 A. 2d 703.

Under the circumstances presented by this record, we are of the opinion that the court below did not exceed the bounds of reason in granting a new trial as to all the parties. The interests of right and justice would seem to require that the case be retried. When it is retried the situation may permit the presentation to the jury of the liability of the respective defendants according to the applicable legal principles.

A court has the right to order a new trial of its own motion, and its action in so doing will not be reversed

in the absence of a clear abuse of discretion. *Brown et vir v. George et al.,* 344 Pa. 399, 401, 25 A. 2d 691; *Trerotola et al. v. City of Philadelphia et al.,* 346 Pa. 222, 29 A. 2d 788.

In no respect do we find an abuse of discretion by the court below, and consequently we will not interfere with the new trial order. *Kerr et ux. v. Hofer et al.,* 341 Pa. 47, 17 A. 2d 886; *Weinfeld v. Funk,* 342 Pa. 160, 20 A. 2d 206; *Schornig et ux. v. Speer,* 343 Pa. 649, 24 A. 2d 12.

The assignments of error in the respective appeals are overruled.

The order granting new trial and the order refusing judgment n.o.v. are affirmed.