Burton *v.* Morvay, Appellant.

Argued October 15, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Franklin B. Hosbach,* of *Hosbach, Good & Fischer,* for appellant.

*John B. Brooks,* of *Brooks, Curtze & Silin,* for appellee.

PER CURIAM, November 22, 1943:

This is an action in trespass for damages for personal injuries sustained by a pedestrian struck by the truck of appellant while crossing Market Street in Union City, Pennsylvania, between intersections. The jury returned a verdict for appellant. This appeal is from the order of the court below granting appellee's motion for a new trial.

We will not reverse the action of a lower court on the matter of a new trial except for a question of law assigned as the sole reason for its action or when such

action amounts to a palpable abuse of discretion: *Reese v. Pittsburgh Rys. Co.*, 336 Pa. 299, 300; *Edwards v. Crawford*, 328 Pa. 449, 450; *Reiser v. Smith*, 328 Pa. 292; *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 277. "The presumption is that the trial court was justified in granting the new trial even when the reason given therefor is an insufficient reason unless the court expressly states that it is the only reason": *Bailey v. C. Lewis Lavine, Inc.*, supra, 277.

After a review of the record we are of opinion that no palpable or manifest error or abuse of discretion has been committed by the court below.

Order affirmed.