Fritz, Admrx., *v.* York Motor Express Company, Appellant, et al.

Argued January 17, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. B. H. Carter*, with him *William P. O'Neill* and *Evans, Bayard & Frick*, for appellant.

*Daniel G. Murphy*, with him *J. Paul Erwin*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, March 22, 1948:

On a June morning at about eight o'clock, Joseph Devlin, driving a tractor-trailer for the York Motor Express Company eastwardly in the southernmost lane of the Lincoln Highway, stopped when he came to a point about a mile west of Malvern, shut off the motor, put the tractor in gear, set the brakes, and alighted from

his cab. The roadway there consists of four concrete lanes each eleven feet in width, with ten foot shoulders, partly stone and partly earth, and the right wheels of the tractor-trailer stood from six to ten inches inward from the extreme edge of the paving. The weather was clear, the sun was shining, the roadway was dry, and, as far as the testimony discloses, there were no other vehicles in sight; to the west there was a slightly ascending grade and the highway was perfectly straight for a distance of at least 1200 feet.

The reason for Devlin's stopping and alighting was that he had a suspicion that one of the tires was flat and he wished to make an inspection. He did not pull off the concrete and onto the berm because he anticipated a delay of only a couple of minutes; moreover, the shoulder of the road dropped downwards from the paving so that its outside edge was five inches below its junction with the concrete and it would therefore have been difficult for him to ascertain whether there was a flat tire; he testified that "If there is a slant there, you can't tell; one tire will be taking the load for the two of them, and you can't tell whether it's flat or not, and I was only going to be there a second, just to check them." He added that if he had found it necessary to change the tires he would not have attempted to do it there but would have gone up to the "next place,"—meaning, no doubt, a filling station.

Devlin walked around the tractor-trailer, kicking the tires, as he passed, in order to test them; as he came to the front of the vehicle and stood there for a moment he heard the oncoming roar of a truck approaching on the highway. He started to walk away but, before he could do so, a tractor-trailer driven by Harold M. Trivel for the Pioneer Paper Stock Company, coming from the west, struck the left side of the rear of the standing trailer with tremendous force. Devlin was knocked down and his own tractor was pushed forward over his body.

William C. Fritz, Jr., an employe of the Pioneer Company, was riding in the tractor-trailer with Trivel and was killed instantly. The administratrix of his estate instituted action for damages against the York Company, which brought in Trivel and the Pioneer Company as additional defendants. The jury found a verdict in favor of the York Company but for the plaintiff against the additional defendants in the sum of $6500. The additional defendants moved for judgments n. o. v. and both they and plaintiff for a new trial. The court granted a new trial with the somewhat cryptic explanation that it did so "in the interest of justice". The York Company now appeals because, as it contends, the court should not only have sustained the verdict in its favor but should have affirmed its point for binding instructions to which it was entitled as a matter of law.

Where the facts and the law of a case show no liability on the part of a defendant and would therefore have required the affirmance of a point for binding instructions an order of the court granting a new trial, after verdict for the defendant, will be reversed on appeal, the verdict for the defendant will be reinstated and judgment entered thereon: *Fornelli v. Pennsylvania Railroad Co.*, 309 Pa. 365, 164 A. 54; *Walters v. Federal Life Insurance Co.*, 320 Pa. 588, 184 A. 25; *Brogan v. Philadelphia*, 346 Pa. 208, 29 A. 2d 671.

Although the Vehicle Code of May 1, 1929, P. L. 905, §1019, provides that "No person shall park or leave standing any vehicle . . . upon the paved or improved or main traveled portion of any highway . . . when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway", that provision was not intended to prohibit a momentary stoppage on the paved portion of the highway for a normal, reasonable purpose and under proper circumstances: *Harkins v. Somerset Bus Co.*, 308 Pa. 109, 162 A. 163; *Henry v. S. Liebovitz & Sons, Inc.*, 312

Pa. 397, 167 A. 304; *Struppler v. Rexford,* 326 Pa. 545, 192 A. 886. Therefore Devlin's temporary parking of his tractor-trailer in the outermost of four lanes on a straightaway road, in broad daylight, in order to make a casual inspection of the tires, there being adequate room for the passage of other vehicles in both directions, did not constitute a violation of the code. Hence it becomes unnecessary to decide whether, even if Devlin's act *were* to be regarded as negligent, such negligence would have been superseded by the intervening negligence of Trivel who, after he must have seen the standing tractor-trailer in plenty of time to have avoided the accident, and with adequate room to pass it, nevertheless ran right into it; (cf. *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295; *Kline v. Moyer & Albert,* 325 Pa. 357, 191 A. 43; *Dooley v. Charleroi Borough,* 328 Pa. 57, 195 A. 6; *Ashworth v. Hannum,* 347 Pa. 393, 32 A. 2d 407; *Venorick v. Revetta,* 152 Pa. Superior Ct. 455, 33 A. 2d 655).

The York Company was entitled to binding instructions and is therefore now entitled to have the verdict sustained which the jury rendered in its favor.

From the pleadings it would appear that Fritz was an employe of the Pioneer Company engaged at the time of the accident in the course of his employment and plaintiff has been receiving workmen's compensation payments from that Company's insurance carrier. If those facts are established it is obvious that plaintiff cannot recover, in the new trial awarded her, against the Pioneer Company; that question, however, is not before us on the present record.

The order granting a new trial is reversed as to York Motor Express Company, the verdict in its favor is reinstated, and judgment is here entered thereon.