## Stephenson *v.* Service Supply Corporation, Appellant.

32

Argued October 7, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Michael A. Foley,* for appellant.

*Paul Green,* did not appear nor submit a brief for appellee.

OPINION BY RENO, J., January 14, 1949:

In trespass for an injury sustained upon an alleged defective sidewalk the jury returned a verdict for plaintiff for $394.. The court en banc dismissed defendant's motion for judgment n. o. v., and sua sponte granted a

new trial. On its appeal defendant contends that it is entitled to judgment and that the court abused its discretion in awarding a new trial. The order will be affirmed.

The sidewalk had been laid about two weeks before the accident. It was constructed of cement, with expansion strips, filled with asphalt, three-eighths of an inch wide, four inches deep and ten feet long. Defendant contended that the pavement had been icy, and was covered with sawdust as a safety measure; and that plaintiff slipped upon the covered ice, which was flat and free from ridges. Plaintiff testified that because of the sawdust she could not see conditions beneath it, and: "I caught my foot in a [asphalt] binder that was extending, and in catching my heel of my left shoe I went right back on the pavement, on the back of my head."

The proof was weak in particulars summarized in the final paragraph of the opinion of the court below: "In the present case the plaintiff's conclusion that her foot was caught 'in a binder that was extending' is not convincing. The record is silent on facts showing what opportunity she had to observe whether the asphalt binder was protruding from the expansion joints or whether the asphalt binder was merely lying on the pavement. Further, the record is not complete as to the length of time the asphalt binder was present either protruding or lying on the sidewalk. For all these reasons the court believes that justice could be best served by giving both plaintiff and defendant an opportunity to more fully develop the facts."

Defendant relies wholly upon an extract from the opinion of Mr. Justice HORACE STERN in *Fritz v. York Motor Express Co.*, 358 Pa. 398, 401, 58 A. 2d 12: "Where the facts and the law of a case show no liability on the part of a defendant and would therefore have required the affirmance of a point for binding instructions an order of the court granting a new trial, *after verdict for the defendant*, will be reversed on appeal,

the verdict for the defendant will be reinstated and judgment entered thereon: Fornelli v. Pennsylvania Railroad Co., 309 Pa. 365, 164 A. 54; Walters v. Federal Life Insurance Co., 320 Pa. 588, 184 A. 25; Brogan v. Philadelphia, 346 Pa. 208, 29 A. 2d 671." (Emphasis added.)

The *Fritz* case is an instance of the application of a rule which, however, as explained in *Frank v. Bayuk*, 322 Pa. 282, 284, 185 A. 705, and as indicated in the excerpt quoted, operates only "where binding instructions should have been given as a matter of law for the party in whose favor the verdict is rendered," and in such cases "it is error to award a new trial." See *Kline v. Moyer*, 333 Pa. 486, 3 A. 2d 920; *Owens v. Peters*, 126 Pa. Superior Ct. 501, 191 A. 399. Here the verdict was for plaintiff; not for defendant, for whom, it is contended, binding instructions should have been given. The *Fritz* case and the rule upon which it was decided do not control this appeal.

Although defendant's complaint is founded upon the dismissal of its motion for judgment n. o. v., the usual rules governing the granting of a new trial apply in this appeal. *Fickes v. Prudential Ins. Co.*, 321 Pa. 474, 184 A. 754. A trial court possesses an immemorial right to grant a new trial whenever the interests of justice require it. *Gerber v. Jones*, 151 Pa. Superior Ct. 489, 30 A. 2d 534. It may grant a new trial upon its own motion. *Fisher v. Brick*, 358 Pa. 260, 56 A. 2d 213; *Dempsey v. First National Bank*, 353 Pa. 473, 36 A. 2d 160; *Harkai v. Pisano*, 88 Pa. Superior Ct. 475. It is vested with discretion with which an appellate court will interfere only upon a showing of its clear abuse or an error of law. *Brady v. Philadelphia*, 156 Pa. Superior Ct. 607, 41 A. 2d 355. The reasons assigned by a court for granting a new trial are not to be construed as the only ones which induced it to make the order, *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333, and the order will not be reversed unless the court

certifies that an erroneous rule of law which necessarily determines the outcome of the case was the sole reason for its action. *Burton v. Morvay*, 348 Pa. 113, 34 A. 2d 489; *Brady v. Philadelphia*, supra.

Plaintiff admittedly fell on defendant's sidewalk, and was painfully injured. Immediately after the fall she saw, and a disinterested witness picked up, pieces of the asphalt binder. They were located within a foot from her feet. Whether her fall was caused by contact with asphalt protruding from the joints or with fragments of it lying on the pavement was not clearly shown. This may not have been too important. But the court believed that there should have been more definite evidence of the length of time the alleged defective condition had prevailed, or at least evidence from which a sound inference of notice to defendant could be drawn, and this was important.

We did not have the benefit of an argument or brief by plaintiff, and we lack a statement of the theory of her case. The testimony, however, seems to indicate that her counsel was under the impression that the pavement had been constructed more recently, and that the fragments of asphalt, left there by the contractor or afterwards loosened from the joints, must have been observed by defendant's employes when they applied the sawdust shortly before the accident, thereby furnishing evidence of notice to the corporate defendant. However that may be, we cannot say that the court clearly abused its discretion in awarding a new trial, and affording plaintiff an opportunity of supplying further or clarifying evidence. The award of a new trial so that the parties "may produce the necessary clarifying evidence, if obtainable," was upheld in *Kline v. Moyer*, supra, p. 488.

"The reasons assigned were not erroneous as a matter of law, and involved a proper exercise of discretion": *Frank v. Bayuk*, supra, p. 283. "The presumption is that the trial court was justified in granting the

new trial even when the reason given therefor is an insufficient reason unless the court expressly states that it is the only reason": *Bailey v. C. Lewis Lavine, Inc.,* 302 Pa. 273, 277, 153 A. 422, quoted with approval in *Burton v. Morvay,* supra, p. 114. See also *Cleveland Worsted Mills Co. v. Myers-Jolesch Co., Inc.,* 266 Pa. 309, 109 A. 662; *Andrzèjewski v. Prudential Ins. Co.,* 321 Pa. 543, 184 A. 51.

Order affirmed.