## Pleis License

*Carl F. Mogel*, for appellant.

*Frederick J. Bertolet*, for Secretary of Revenue.

MAYS, P. J., September 7, 1949.—Lawrence Pleis, a resident of Berks County, Pa., on September 4, 1948, according to the petition filed was arrested for parking illegally on a highway; March 24, 1949, petitioner appeared before a representative of the Department of Revenue for a hearing to determine the responsibility of those involved in an accident and to furnish a basis for suspension of operating privilege. On or about April 26, 1949, petitioner was notified by the Secretary of Revenue that his operating privileges were suspended for the period of three months from April 26, 1949, for the reason of "failure to signal". The appeal was filed May 31, 1949.

The Commonwealth filed a motion to quash the appeal, contending that since May 31, 1949, was more than 30 days after the suspension order issued on April 26, 1949, the court was without jurisdiction. The court stated that ruling on this motion would be deferred until the evidence was presented.

There was no testimony presented which supports the conclusion that petitioner failed to signal. The Commonwealth, however, contended that petitioner was illegally parked. Even if the suspension would have been based upon the alleged illegal parking, such a finding could not be affirmed. The only witness called was the State officer, whose testimony is, in its entirety, except for the marks upon the road, hearsay. The officer undertook to determine that petitioner had stopped his car, having applied the brakes, to go to his mail box and while so engaged, petitioner's car was struck by a car proceeding in the same direction. If this was all that was being done, viz., stopping to go to his mail box, it could not have been a violation of the Act of May 1, 1929, P. L. 905, sec. 1019, as amended by the Act of June 5, 1937, P. L. 1718, sec. 4, which provides:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway:"

Judge Landis in Erb v. Wieneke, 41 Lanc. 241, in construing a similar provision, page 243 said:

"The word 'park', as related to automobiles, is a new word, not defined in the dictionaries. I take it to mean the placing of a car on the highway, or in some fixed place, with the intention of having it remain there for some indefinite period of time. It does not, however, mean the loading or unloading of passengers or freight, or the temporary and short stopping for some proper purpose. There was no evidence presented to show whether the car was really parked or whether it had been stopped momentarily for a proper purpose."

Here, however, according to the officer's testimony, it was stopped not with all the wheels upon the road but

the right wheels on the berm and stopped momentarily for a proper purpose, viz., the man going to his mail box.

The Supreme Court, in Fritz v. York Motor Express Co. et al., 358 Pa. 398, in discussing section 1019, supra, held: "A momentary stoppage on the paved portion of the highway for a normal, reasonable purpose and under proper circumstances does not constitute a violation" of that section.

Petitioner is a man 74 years of age, retired, living with his wife, who is very ill, suffering from cancer. He was never arrested before. The record discloses what a hardship this suspension works upon him. The writer of this opinion was the trial judge in a civil proceeding instituted by Anne B. Kenney against him and the operator of another car involved in the accident. The verdict of the jury was in his favor, which I can well understand. There would have been no reason for the jury to find otherwise. The injuries suffered by plaintiff in that case in no way resulted from the negligence of Pleis, petitioner. But for the fact that the appeal was filed too late, the appeal would be sustained and the order of suspension revoked. It is only because of the lateness of the appeal that we now dismiss it. Wade, P. J., in Commonwealth of Pennsylvania v. Howell, 73 D. & C. 326, we believe, correctly points out that the court is without authority to allow an appeal after the date fixed by the legislature, unless fraud or its equivalent would permit us to do so.

Accordingly, September 7, 1949, we conclude that the operator's license of petitioner, Lawrence Pleis, should be suspended for 90 days; however, with the recommendation that the Secretary of Revenue suspend the privilege for only a period of 43 days as Lawrence Pleis voluntarily surrendered his operator's card to the Secretary of Revenue after the notice of suspension on April 27, 1949, and did not obtain same until June 13, 1949, or a period of 47 days.