Streilein et al. *v.* Vogel et al., Appellants.

Argued September 27, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank P. Barnhart,* for appellants.

*Harry E. Simmons,* for appellees.

OPINION BY MR. JUSTICE JONES, November 14, 1949:

About 2:30 P.M. on a clear, dry day in early December, a two-door sedan automobile and a delivery truck collided at an intersection on State Highway Route 53 a mile south of Johnstown. As an aftermath, the driver (a bailee) of the sedan and his two passengers each sued the corporate owner of the truck and its driver for damages for personal injuries suffered in the accident, alleging that the collision resulted from negligence of the defendants. The owner of the sedan also sued the defendants upon a similar cause of action for the damage to his automobile. The defendants issued writs of *scire facias* to bring the driver of the sedan on the record as an additional defendant in each of the cases except the one in which he was plaintiff. The four cases were then tried together. The jury returned a verdict in favor of each of the several plaintiffs and against the original defendants. As no complaint is made of the jury's exculpation of the additional defendant, the term "defendants", when used hereinafter, will be intended as referring only to the original defendants.

Each of the plaintiffs filed a motion for a new trial and argued in the court below that his respective verdict was inadequate. The defendants also filed motions for a new trial and for judgments n. o. v. After argument on all of these motions, the court en banc entered an order in each of the cases denying the motion for judgment n. o. v. and awarding a new trial. From the orders so entered, the defendants took these appeals and now contend that the court below erred both in refusing their motions for judgment n. o. v. and in ordering a new trial.

In support of the motions for judgment, the appellants assert that the record discloses incontrovertible physical facts which refute the testimony for the plaintiffs as to how the accident happened and that such facts conclusively establish that the collision resulted

from negligence on the part of the driver of the sedan. The facts to which the appellants thus point are the photographically recorded effects of the impact upon the two automobiles and testimony as to the relative positions and locations of the automobiles on the highway after the collision.

The damage to the sedan was on its right-hand side from the door forward while the marks on the truck were on the left side of its front bumper and hood and on a portion of the grill between. Since the unmistakable position of the two automobiles, in relation one to the other, at the moment of impact, as evidenced by these physical effects of the collision, accords with testimony adduced by the defendants that, immediately before the accident, the driver of the plaintiffs' car suddenly attempted to make a left turn directly into the path of the oncoming truck (then approaching the intersection from the opposite direction), the appellants argue that such oral testimony must be taken as conclusively confirmed. It is equally true, however, that the same physical facts are also consonant with the testimony adduced by the plaintiffs to the effect that, as they approached the intersection, travelling on their right-hand side of the highway, they saw the truck coming toward them, then some two hundred to two hundred fifty feet away, on its left-hand (or wrong) side of the road, that the truck continued onward on the wrong side of the highway, that the driver of the sedan brought his car to a dead stop with its right rear wheel against the right-hand curb and its right front wheel about two to two and a half feet from the curb and that, while the sedan was in that position, the truck came on and struck it with the physical effects to both automobiles as shown by the undisputed photographs.

The appellants, by assuming that the plaintiffs' testimony and the indisputable physical facts are irreconcilable, put forward, as applicable, the rule that

testimony opposed to incontrovertible physical facts is insufficient to support a verdict. As an abstract legal proposition, the rule as thus stated is, of course, correct. But, to say on the basis of the record now before us that the plaintiffs' testimony as to the happening of the accident is opposed to the incontrovertible physical facts respecting the damage to the automobiles is an unwarranted assumption. All that such physical facts of themselves established was that the left front side of the truck's bumper, hood and grill and the right-hand side of the sedan came together in the collision. And, nowhere does the testimony for the plaintiffs dispute that. Consequently, in what manner the collision did occur required for its solution further evidence which in this instance was oral testimony; and, thus, the crucial factual issue automatically became a matter for the jury to determine. See *Pfeffer v. Johnstown,* 287 Pa. 370, 375, 135 A. 127; also *Scalet v. Bell Telephone Co. of Penna.,* 291 Pa. 451, 456, 140 A. 141, where this court expressly approved a syllabus of *Pfeffer v. Johnstown,* supra, to the effect that "The rule that evidence which contradicts incontrovertible facts cannot alone be made a basis for sustaining a verdict, has no relevancy where the testimony of witnesses is needed in order to apply those facts to the issue in the case." Whether, as the appellants contend, the testimony in their behalf as to the happening of the collision was more believable than the plaintiffs' testimony, in the light of the incontrovertible physical facts with respect to the damage to the automobiles, depended upon a matter of credibility which was for the jury to resolve.

The case of *Lessig v. Reading Transit & Light Co.,* 270 Pa. 299, 302, 113 A. 381, upon which the appellants heavily rely, is obviously not in point. There, the plaintiff testified that his automobile was struck in the rear by the defendant company's trolley car whereas photographs of the accident showed that ". . . the rear of the

auto [was] without a mark, while its left side, back of the front wheel, [was] badly battered as a result of the collision." In that situation, this court said,—"It is vain for a man to say his auto was struck in the back when the only injury thereto is at the side near the front wheel. . . ." In like manner, *Brett v. Philadelphia Transportation Company,* 154 Pa. Superior Ct. 429, 431, 36 A. 2d 230, points the same distinction. In that case, the plaintiff testified that a trolley car of the defendant company ran into his automobile whereas photographs, which the plaintiff himself identified as accurately representing the condition of the vehicles after the impact, showed that the entire front of the plaintiff's automobile was damaged while the front of the trolley car was not harmed, its side step, doors and a portion of the platform on the right front side having sustained the damage. Of course, in such circumstances, the plaintiff's oral version of the collision was rejected as a matter of law because "His testimony and the admittedly accurate photographs [were] irreconcilable."

The facts as to the positions taken by the automobiles on the highway following, and as a result of, the collision fall far short of being legally incontrovertible. That the sedan turned completely around and came to rest facing in the direction from which it had theretofore been travelling is of no conclusive significance. It is a matter of common knowledge that vehicles in motion, and especially ones under mechanical power, when suddenly and unexpectedly diverted from their course by a conflicting force, assume strange and ofttimes freakish positions. Whether the sedan was turned about on the highway with such violence from the impact of the collision as to cause its left wheels to jump up over the curb, as the testimony for the plaintiffs showed, or whether the sedan's left wheels were manually lifted up over the curb by the defendant truck driver and others after the collision in order to open the highway for

travel, as the testimony for the defendants indicates, presented an issue whose solution depended upon oral testimony. The facts as to the positions of the automobiles after the collision were, by no means, incontrovertible. See *Pfeffer v. Johnstown* and *Scalet v. Bell Telephone Co. of Penna.*, supra. Beyond that, the oral testimony both for the plaintiffs and for the defendants as to speeds, distances and the relative positions of the automobiles immediately before and at the time of the collision bristled with estimates and approximations. We have repeatedly pointed out that the doctrine of incontrovertible physical facts is inapplicable when such facts depend upon estimates of distance and the speed of moving vehicles: see *Miller v. Measmer,* 353 Pa. 18, 20, 44 A. 2d 284; also *Cunningham v. Pennsylvania Railroad Company*, 352 Pa. 571, 575, 43 A. 2d 825, and cases there cited. The questions of the defendants' negligence and the plaintiffs' contributory negligence were manifestly for the jury.

Neither is there any merit in the appellants' complaint of the granting of a new trial. As in *Tupponce v. Pennsylvania Railroad Company,* 358 Pa. 589, 591, 57 A. 2d 898, the defendants are ". . . in the anomalous position of objecting to the granting of [their] own motion for a new trial because [they] would prefer to have [their] motion for judgment n. o. v. granted." Their motions for a new trial were never withdrawn but were left pending for the lower court's ultimate disposition. The course so pursued by the defendants was voluntary. It was not necessary for them to file motions for a new trial in order to have their motions for judgment n. o. v. reviewed on their merits. See Act of April 9, 1925, P. L. 221, 12 PS §682; and *Tupponce v. Pennsylvania Railroad Company,* supra, at p. 591.

We have declared over and over again that the granting of a new trial lies within the inherent power of a trial court and that an exercise thereof will not be

interfered with on review unless the record shows such action to be a clear abuse of discretion: see e.g., *Lombardo v. Barilla*, 302 Pa. 460, 461, 153 A. 725; *Pawlowski v. Sczehowicz*, 293 Pa. 548, 550, 143 A. 180; *March v. Philadelphia & West Chester Traction Co.*, 285 Pa. 413, 417-418, 132 A. 355; *Reist v. Wogan*, 281 Pa. 107, 108, 126 A. 249; and *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333, where the cases on the question were fully reviewed. This rule is especially applicable where, as here, the complaining party himself moved for a new trial: *Tupponce v. Pennsylvania Railroad Company*, supra.

Even where a new trial is granted for a seemingly insufficient or invalid reason, an appellate court will not interfere therewith unless it affirmatively appears that the ground so assigned was the *exclusive* reason for granting the new trial: see *Cuteri v. West Penn Railways Co.*, 305 Pa. 347, 350, 157 A. 686; *Grossman v. Bessemer & Lake Erie R. R.*, 289 Pa. 169, 170, 137 A. 178; and *Regan v. Davis*, 290 Pa. 167, 169, 138 A. 751. In the instant case, the learned court below gave as a reason for its action that "the interests of right and justice" required it. A trial court's granting of a new trial ". . . whenever, in its opinion, the justice of the particular case so requires" was expressly recognized in *March v. Philadelphia & West Chester Traction Co.*, supra (p. 416), as an appropriate exercise of an "immemorial right" of a court of first instance. Moreover, as observed in *Regan v. Davis*, supra, ". . . stating that 'justice' and 'equity' require a new trial, suggests that more than the particular reason . . . mentioned must have impelled the court to enter the order now complained of; and we have heretofore decided that the mere fact of the discussion of only one reason does not necessarily determine that it was the exclusive cause which moved the court to enter a new trial: [citing *Class & Nachod Brewing Co. v. Giacobello*, supra]."

The cases cited by the appellants are instances of palpable abuses of discretion and, therefore, are not presently pertinent. Thus, in *Kuhler v. Harrison Construction Company*, 361 Pa. 100, 62 A. 2d 853, the court below stated in its opinion refusing the defendant's motion for judgment n. o. v. that ". . . after a careful review of the testimony, the court believes that the plaintiff's proof amounted merely to the establishment of the fact that an accident happened." Instead of entering judgment n. o. v. for the defendant, however, the court granted a new trial, giving as its *sole* reason for such action that it was in the "interests of justice". In that state of the record, we held that "To have ordered a new trial was a clear abuse of discretion" when there was no proof of the defendants' negligence to submit to a jury. Likewise, in *Fornelli v. Penna. R. R. Co.*, 309 Pa. 365, 369, 164 A. 54, the facts showed no liability on the part of the defendant but the court below, instead of entering judgment n. o. v. for the defendant, ordered a new trial. Accordingly, we there held that "In ordering a new trial under these circumstances, the court below was guilty of a clear and palpable error of law." In the present instance, the sufficiency of the evidence to support a finding of the defendants' causative fault is apparent. According to testimony for the plaintiffs, the driver of the truck drove it on the wrong side of the highway for a distance upwards of two hundred feet, right up to the point of collision, which was a plain violation of The Vehicle Code of May 1, 1929, P. L. 905, Sec. 1004, as amended, 75 PS §521, and sufficient, of itself, to warrant the jury's finding the defendants negligent. See *Fisher v. Hill*, 362 Pa. 286, 289, 66 A. 2d 275, and cases there cited. In no sense did the granting of a new trial in the instant case constitute an abuse of discretion.

The several orders appealed from are affirmed.