Elser et al. *v.* Union Paving Company, Appellant.

Argued March 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Fronefield Crawford,* with him *William J. Mac-Carter, Jr.,* and *MacCarter & Crawford,* for appellant.

*C. William Kraft, Jr.,* for appellees.

OPINION BY RENO, J., July 20, 1950:

Edith M. Elser and her husband instituted trespass to recover damages for personal injuries sustained by the wife when defendant's truck collided with her son's automobile which she was driving. By stipulation the son was added as an additional plaintiff. The jury's verdicts were: (a) For the son $225 to cover cost of repairs; (b) for the husband $711.50 for medical and hospital expenses incurred on account of the wife's injuries; and (c) for the defendant in the wife's case. Defendant moved for judgment n. o. v. in the husband's case. Plaintiffs moved for a new trial in both cases. The son's verdict was paid by defendant. The court en banc refused judgment n. o. v., and awarded a new trial. Defendant appealed.

In this situation, where judgment n. o. v. has been refused and a new trial granted, appellate review is confined to an examination of the reasons assigned for the award of a new trial to determine whether the court below properly exercised the judicial discretion vested in it. This is the doctrine of the cases beginning with *March v. Phila. & West Chester Traction Co.,* 285 Pa. 413, 132 A. 355, and affirmed many times. One exception may be noted. Where binding instructions should have been given for the party in whose favor the verdict was rendered, it is error to grant a new trial. *Frank v. Bayuk,* 322 Pa. 282, 185 A. 705; *Fritz v. York Motor Express Co.,* 358 Pa. 398, 58 A. 2d 12. The exception is not here applicable; the verdict was for plaintiff in the husband's case; not for the defendant, for whom, it is contended, binding instructions should have been given.

64

See *Stephenson v. Service Supply Corp.*, 164 Pa. Superior Ct. 31, 63 A. 2d 438.

Nor does *Kuhler v. Harrison Construction Co.*, 361 Pa. 100, 103, 62 A. 2d 853, appellant's main reliance, furnish the pattern for our review of the instant appeal. There the court below granted a new trial, although in its opinion it stated: ". . . after a careful review of the testimony, the court believes that the plaintiff's proof amounted merely to the establishment of the fact that an accident happened." The Supreme Court held the award of a new trial a clear abuse of discretion. In the instant case the negligence of the defendant's driver was virtually conceded, and the court en banc, after a thorough review of the testimony, concluded "that the wife . . . looked at the curb line and discharged her duties as a careful driver," and was not guilty of contributory negligence as a matter of law. The *Kuhler* case was explained and distinguished in *Streilein v. Vogel*, 363 Pa. 379, 385, 69 A. 2d 97, where, as here, defendants' motion for judgment n. o. v. was refused and plaintiffs' motions for new trials granted. The Supreme Court affirmed, followed the *March* case, and held: ". . . the granting of a new trial lies within the inherent power of a trial court and . . . an exercise thereof will not be interfered with on review unless the record shows such action to be a clear abuse of discretion."

The wife's injuries were sustained in a right angle collision at a street intersection. The negligence of defendant's driver was not denied in this Court, and it seems not to have been seriously contested in the court below. The real issue involved was the wife's alleged contributory negligence. The learned trial judge plainly instructed the jury that if she was contributorily negligent neither she nor her husband could recover. The jury's verdicts were manifestly inconsistent. If it found her contributorily negligent the husband should not

have had a favorable verdict, since his action is derivative. *Winner v. Oakland Twp.,* 158 Pa. 405, 27 A. 1111; Restatement, Torts, §494. On the other hand, if the verdict for the husband means that the jury found the wife free from contributory negligence it should have returned a verdict for her, even though it awarded no damages or allowed them in a nominal sum. The net result is that there is no unequivocal finding of the jury upon the crucial question of the wife's contributory negligence. The court below granted the new trial because of the inconsistent verdicts, and it is amply supported by the authorities. *Nelson v. Duquesne Light Co.,* 338 Pa. 37, 12 A. 2d 299; *Wright v. Scranton,* 128 Pa. Superior Ct. 185, 194 A. 10; Cf. *Timlin v. Scranton (No. 2),* 139 Pa. Superior Ct. 508, 12 A. 2d 501.

The jury allowed the husband's expenditures for physicians and hospitalization but ignored his substantial claim for domestic service in the household during his wife's incapacity. Judge SWENEY, whose able opinion we have been reviewing, suggests that the verdict in the wife's case contrasted with that of the husband's, amounts to a jury declaration "that Mrs. Elser was not contributorily negligent, but that she was not hurt and did not suffer any pain as a result of this accident." The verdict would seem to run counter to the testimony, which of course the jury was not required to believe, but trial judges in jurisdictions other than Delaware County have also discovered reluctance on the part of juries to allow damages for pain and suffering, and, conceivably, this may be reflected in a verdict for the defendant where the wife's claim is confined to damages for that item. Judge SWENEY, whose judgment is founded upon knowledge of local conditions, may have found the true explanation of the inconsistent verdicts.

However that may be, we cannot hold, in view of the inconsistent, not to say perplexing, verdicts, that the

court below abused its discretion in granting a new trial. The same conclusion has been reached concerning the determination that the husband's inadequate verdict warrants a new trial. *Schwartz v. Jaffe*, 324, Pa. 324, 188 A. 295.

Order affirmed.