Jury, Appellant, *v.* New York Central Railroad Company.

Argued March 21, 1950. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*W. Albert Ramey,* for appellant.

*J. J. Pentz,* with him *Pentz & Silverblatt,* for appellee.

OPINION BY ROSS, J., July 20, 1950:

This is an appeal by the plaintiff in a trespass action from the granting of a new trial after a jury verdict in his favor.

The action arose out of a railroad crossing collision between a truck owned and operated by the plaintiff and defendant's train. The collision occurred on January 26, 1948. The plaintiff averred that as a result of defendant's negligence he suffered personal injuries and damages to his 1947 Dodge truck. The jury returned a verdict in his favor for damages to the truck, defendant's motion for judgment n. o. v. was refused but its motion for a new trial was granted and the plaintiff took this appeal.

As a defense to the action, the defendant, in addition to denying negligence, set up a release executed by the plaintiff on February 19, 1948, which reads in part as follows: "For the sole consideration of Three Hundred Fifty and no/100 Dollars received to my full satisfaction from the New York Central Railroad Company . . . I hereby release and discharge the said The New York Central Railroad Company . . . from all claims, demands, grievances and causes of action of every kind whatsoever and including, but without limitation of the foregoing, all liability for damages of every kind, nature or description now existing or which may hereafter arise from or out of injuries and damages, received by me and damage to my 1947 Dodge Pick-up auto truck at or near Bridgeport, State of Pennsylvania, on or about the 26th day of January 1948. . . . this release does not include nor cover damage to automobile truck as covered by Policy of the Moore-Wilson & Company at Clearfield, Pennsylvania."

At the trial of the case, the defendant offered the release in evidence but the trial judge sustained an objection to its admission, at the same time stating to the jury that the offered—but not accepted in evidence—release "takes everything away from you except damages to the truck. . . . and that narrows the issue down just to the damages to this truck, assuming the defendant was negligent, of course."

In granting a new trial, on the ground that he had erred in excluding the release, the trial judge stated: "We interpreted the words 'covered by the policy of Moore Wilson & Company' . . . as being descriptive of the truck. . . . On reflection, we feel these words are descriptive of the word damage, and not the word truck; and that Elmer N. Jury released all damages except the damages that were covered by the policy of insurance, for he first stated, all damages to himself personally, and to his 1947 truck; then followed the words 'that this

release does not include nor cover any damage to automobile truck as covered by policy of Moore, Wilson & Company at Clearfield, Pa.' If the words 'as covered by policy of Moore, Wilson & Company' were intended to refer to the truck and not to the word 'damage', then there would be no reason for having written into the release that he did release damage to himself personally, as well as damage to his truck." The trial judge, therefore, concluded that the release was admissible and that the defendant should be permitted to show "what damages were covered by the policy". We agree with his reasoning and with his conclusion.

The plaintiff contends that the release is not admissible because it would show to the jury that he is insured and that such evidence is inadmissible. However, this well-established principle does not rule this case.

Testimony that one of the parties to an action is insured is excluded because it is an *irrelevant* and *prejudicial* fact. *Baymond v. Sternberger*, 116 Pa. Superior Ct. 451, 176 A. 787; *Hollis v. Glass Co.*, 220 Pa. 49, 69 A. 55. However, *relevant* testimony is not to be excluded merely because it *might* prejudice a jury. *Lenahan v. Pittston Coal Min. Co.*, 221, Pa. 626, 70 A. 884. In this case, as in all negligence cases, two issues were for the determination of the jury: first, the alleged negligence of the defendant, and second, if negligent, how much money damages it should pay to the plaintiff. Here, before trial the defendant had paid a certain sum of money to the plaintiff and had taken a release for at least some of his total claim resulting from the negligence of the defendant. Consequently, the release was relevant testimony to be submitted to the jury for its consideration in determining how much the defendant should, in addition to the amount set forth in the release, pay to the plaintiff. Evidence, therefore, as to the coverage of the insurance

policy is as material and relevant to the jury's disposition of the case as is evidence of defendant's negligence.

One who appeals from the granting of a new trial must show either that the trial court manifestly abused its discretionary power to award a new trial or that its action was based upon a clear error of law. *Williams v. Southern Mutual Insurance Co.*, 312 Pa. 114, 166 A. 582; *Stephenson v. Service Supply Corp.*, 164 Pa. Superior Ct. 31, 63 A. 2d 438; *Streilein v. Vogel*, 363 Pa. 379, 69 A. 2d 97. Here the plaintiff-appellant has not shown that in granting a new trial the trial court either "manifestly abused" its discretion or committed a "clear error of law".

Order affirmed.