McBride, Appellant, *v.* Yosko.

Argued April 13, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

reargument refused August 15, 1955.

*David S. Palkovitz,* with him *Robert Palkovitz* and *Jack Palkovitz,* for appellants.

*L. Kenneth Harkins,* for appellees.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an appeal from the granting of a new trial after verdict for the plaintiff in the amount of $250 and interest in an action of assumpsit.

The McBrides, plaintiffs in this action, owned a house which they agreed in writing to sell to the Yoskos

for $6300; and to give possession on the day of settlement.

Settlement was made on or about March 12, 1952 by which time the Yoskos had paid all of the purchase price except $250, and had in turn received a deed for the premises, but were unable to get possession from the McBrides.

The parties then executed a form lease with numerous printed covenants in which the Yoskos leased the premises to the McBrides "for the term of one month commencing on the 12th day of March 1952 and ending on the 15th day of April 1952 for the total rent of $1." The lease contained a provision that the McBrides "agree to vacate the said premises April 15, 1952." It also contained the following typewritten provision: "Should the tenants fail to vacate the said premises on or about April 15, 1952, the rent for the said premises shall be One Hundred ($100.00) Dollars per month for every month the tenants shall hold over."

The McBrides did not vacate on April 15, and were evicted by the Yoskos about May 5, 1952.

The McBrides then brought this action to recover the $250 balance of the purchase price. The Yoskos defended on the ground there was an oral agreement entered into at the time of execution of the lease whereby the $250 was to be withheld until April 15, 1952. Under this agreement, allegedly made by an agent of the McBrides, the $250 was to be paid to the plaintiffs in the event possession was given to defendants on or before April 15; but if possession was not given by plaintiffs on or before that date the sum was to be retained by defendants as liquidated damages.

The case was tried before a jury by Judge McBRIDE who, after verdict for plaintiffs, granted the defendants' motion for a new trial on the ground that "the

charge of the court did not clearly present the facts in issue."

We have read the record, including the charge of the court to the jury, and agree that the questions to be determined by the jury were never made clear to them.

The case involves a written agreement to sell the real estate, a written lease, a question of agency and an alleged oral agreement which may or may not, in whole or in part, have varied the terms of the written agreements. The issues involved were not clearly presented, and many of the principles of law applicable to the case were not mentioned in the charge. As a result the jury could but guess at a verdict. It may be true that the charge omitted as much or more of what would have been favorable to the appellees as it did of what would have been favorable to the appellants, and the same may be true in the matter of the admission of evidence. Nevertheless, a new trial was properly granted, because the charge was so deficient in its entirety that the jury could not possibly have known the issues to be decided or the legal rights of the parties.

The granting of a new trial lies within "the inherent power of a trial court and . . . an exercise thereof will not be interfered with on review unless the record shows such action to be a clear abuse of discretion. (citing cases)" *Streilein v. Vogel*, 363 Pa. 379, 385, 386, 69 A. 2d 97 (1949).

The trial court did fail to clarify the issue which was submitted to the jury as a reading of the charge shows.

Order affirmed.