## Fischer v. DiNatale

*James Clippinger*, for plaintiff.
*S. M. Raffensperger*, for defendant.

MacPHAIL, P.J., October 30, 1974.—After a jury trial, plaintiff was awarded damages in the sum of $1,200. Plaintiff filed timely post-trial motions alleging, inter alia, that it was error for the court to admit into evidence the fact that plaintiff had received $10,500 from an insurance company for a diamond bracelet alleged to have been lost in the accident wherein plaintiff also sustained minor injuries. The post-trial motions have been briefed and argued and are now ripe for disposition.

Plaintiff claimed in her complaint (paragraph 8), inter alia, that as a result of an automobile accident caused by defendant's negligence, her diamond bracelet was destroyed representing a loss to her of approximately $15,000. Defendant answered in new matter (paragraph 10), as it was obliged to do by the provisions of Pennsylvania Rule of Civil Procedure 1030, that the sum of $10,500 was paid to plaintiff by Allstate Insurance Company by reason of the loss of plaintiff's bracelet and that the company had taken a release from plaintiff in that amount. No answer was filed to the new matter which was endorsed with notice to plead.

At trial, the principal item of damage for which

plaintiff was seeking recovery was the loss of her bracelet. An expert witness testified that the value of the bracelet was $15,000. Defendant was permitted to refer to the $10,500 payment and plaintiff admitted that she had received such a payment. She also admitted that she had signed a release in that amount. In its charge, the court referred to the $10,500 as having been paid to plaintiff by an insurance carrier on account of the loss of the bracelet. (No special exception was taken to the court's charge in this respect.)

While the general rule in trespass cases arising from automobile accidents is that the subject of insurance is irrelevant and prejudicial during the trial, not every mention of insurance is automatically grounds for a new trial or a mistrial. Thus, in Jury v. New York Central Railroad Company, 167 Pa. Superior Ct. 244 (1950), the court distinguished insurance where it is used in connection with the liability aspect of the case from the situation where it is used in connection with mitigation of damages. The court ruled that it was proper for the trial court to admit into evidence an insurance payment which partially covered the total claim being asserted by plaintiff. The appellate court held that such evidence was relevant to the question of damages.

Moreover, in the present instance, it seems that if the introduction of the insurance payment was prejudicial, it would have been as much so to defendant as plaintiff.

The jury was permitted in the case now before us to determine (a) whether the bracelet was, in fact, lost or destroyed as a result of the accident, (b) what its value was at the time of the accident, and (c) if its value was in excess of $10,500, to award plaintiff damages for that item. We feel that such instructions

were fair and proper under the circumstances of the case.

Since the other reasons in support of the motion were neither briefed nor argued, we will now rule that they are without merit.

## ORDER OF COURT

And now, October 30, 1974, the motion for new trial is denied.